# UNITED STATES DISTRICT COURT

## for the District of Maine

## Petition for Warrant or Summons for Offender under Supervision

**Name of Offender:** Travis Leeman                **Case Number**:  0100 2:12CR00164

**Sentencing Judicial Officer**: Honorable Nancy Torresen, U.S. District Judge

**Date of Original Sentence**:  January 04, 2013

**Original Offense:**  Ct. 1: Bank Robbery, in violation of 18 U.S.C. §§ 2113(a) and (d); and Ct. 2: Use of a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii)

**Original Sentence:**  Ct. 1: One (1) Day Imprisonment; Ct. 2: 84 Months Imprisonment, consecutive to Ct. 1; 36 Months Supervised Release (both counts concurrent with each other)

**Type of Supervision**: Supervised Release

**Date Supervision Commenced**: August 2, 2018

| **Assistant U.S. Attorney:** | **Defense Attorney:** |
|---|---|
| Meghan Connelly | David Beneman |

## PETITIONING THE COURT

☒ To issue a warrant/matter to be sealed pending arrest or until detainer is lodged.
☐ To issue a warrant/matter to be sealed pending arrest. Attachment to remain sealed after arrest.
☐ To issue a summons.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| <u>Violation Number</u> | <u>Nature of Noncompliance</u> |
|---|---|
| One | **<u>Violation of Special Condition 4</u>: Defendant shall not use or possess any controlled substance, alcohol or other intoxicant; and shall participate in a program of alcohol and substance abuse therapy to the supervising officer's satisfaction. This shall include testing to determine if Defendant has used drugs or intoxicants. Defendant shall submit to one test within 15 days of release from prison and at least two, but not more than 120, tests per calendar year thereafter, as directed by the supervising officer. Defendant shall pay/co-pay** |

**for services during such treatment to the supervising officer's satisfaction. Defendant shall not obstruct or tamper, or try to obstruct or tamper, in any way with any tests.**

On June 20, 2019, the defendant called and reported that he has been struggling over the past couple of weeks and admitted to using cocaine and suboxone on multiple occasions.

On July 3, 2019, the defendant tested positive for cocaine and suboxone and admitted using those substances.

On July 23, 2019, the defendant admitted to using suboxone and cocaine a couple days prior.

On August 6, 2019, the defendant admitted to using suboxone a couple days prior.

On August 22, 2019, the defendant admitted to using suboxone and marijuana.

On September 27, 2019, the defendant tested positive for marijuana.

On October 15, 2019, the defendant admitted to ongoing marijuana use.

On March 4, 2020, the defendant tested positive for cocaine and fentanyl, admitting to cocaine use.

On March 9, 2020, the defendant tested positive for Fentanyl and the results were confirmed positive by laboratory testing.

On May 4, 2021, the defendant tested positive for fentanyl, and admitted to using that substance.

On July 15, 2021, and August 2, 2021, the defendant tested positive for fentanyl. On August 19, 2021, the defendant admitted ongoing drug use.

On August 21, 2021, the defendant tested positive for fentanyl.

On August 23, 2021, the defendant tested positive for fentanyl and benzodiazepines and the results were confirmed positive by laboratory testing.

On August 28, 2021, the defendant entered an inpatient program in Florida. On September 10, 2021, the defendant walked off the inpatient campus and was discharged based on behavioral issues.

On September 15, 2021, the defendant tested positive to marijuana and admitted using that substance.

On September 16, 2021, the defendant tested positive for fentanyl and the result was confirmed positive by laboratory testing.

| | On November 15, 2021, the undersigned probation officer received notification from the defendant's clinician that he tested positive for fentanyl on October 20, 2021, and November 1, 2021. On November 18, 2021, the defendant admitted to using that substance to this officer. |
|---|---|

**U.S. Probation Officer Recommendation:**

☒ The term of supervision should be:

    ☒ revoked.

    ☐ extended for {years} for a total of {years} years.

☐ the conditions of supervision should be modified as follows:

        I declare under penalty of perjury the foregoing is true and correct.

        Executed on: November 23, 2021

            Respectfully Submitted,

By:

Megan Entwistle
U.S. Probation Officer

Reviewed: *Melanie Holton*
Melanie Holton
Supervisory U.S. Probation Officer
11/22/2021

## SUPERVISED RELEASE VIOLATION
## COVER SHEET

**Name:**  Travis Leeman

**Y/O/B**:      1981

**Offense(s) of Conviction and Classification:** Ct. 1: Bank Robbery, a Class B Felony; and Ct. 2: Use of a Firearm in Relation to a Crime of Violence, a Class A Felony

**Original Sentence**: Ct. 1: One (1) Day Imprisonment; Ct. 2: 84 Months Imprisonment, consecutive to Ct. 1; 36 Months Supervised Release (both counts concurrent with each other)

**Date Imposed**: January 04, 2013

**Available Penalties for Current Violation (with statutory reference)**: Ct. 1 and Ct. 2: Not more than 5 years, 18 U.S.C. § 3583(e)(3)

**Additional Period of Release:** Ct. 1 and Ct. 2: 5 years less any term on imprisonment imposed upon revocation of supervised release, 18 U.S.C. § 3583(h)

Megan Entwistle
Supervising U.S. Probation Officer