## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | DOCKET NO. 2:12-cr-164-NT |
| | ) | |
| TRAVIS LEEMAN | ) | |

## MOTION FOR RELEASE ON CONDITIONS OR
## LIMITED ORDER OF TEMPORARY RELEASE

Now comes the defendant, by and through counsel, and asks the Court to release Travis Leeman on Conditions or for a limited order of temporary release to allow the defendant to attend an inpatient treatment program. In support of this motion, counsel provides the following:

1. Travis Leeman is currently at the Cumberland County Jail having admitted to a Supervised Release Violation based on use of illegal drugs and an arrest for OUI. At the violation hearing on February 15, 2022 the court continued the sentencing phase of the hearing to allow Travis to seek an in-patient treatment program.

2. Travis has been accepted in the 30 to 45 day residential dual diagnosis (mental health and substance abuse) program at the Northeast Addiction Treatment Center,[1] 36 Miller Stile Rd., Quincy, MA 02169. They have an immediate opening. The program includes full time counseling and treatment for Travis's addiction and mental health. An individualize treatment plan is created fro each patient. Treatment can include individual therapy, group

---

[1] https://www.addictioncenter.com/rehabs/massachusetts/quincy/northeast-addiction-treatment-center/

1

therapy, expressive therapy, cognitive behavioral therapy (designed to change patterns of thinking and behaviors), didactic therapy (class room environment), along with mental health assessment and medication as appropriate. Direct transportation from the jail to the program can be accomplished by Travis's father who could drive him directly, or through the program which could send a driver.

3. Travis currently is covered by health insurance through his employment. His employment will end shortly if he remains in jail and he would then no longer have insurance. Incarceration is a valid basis to terminate employment. If he enters treatment he should not lose his job and his insurance as being in treatment is not a valid basis to terminate employment. He has sought protection under the Family Medical Leave Act (FMLA).

4. The Government and Probation oppose this motion. Both have represented they feel a measurably longer program is needed. Travis will pursue a longer period of treatment but none is currently available. Milestone had recent water damage from pipes or sprinklers and will not be able to accept new residents for "several months." The proposed treatment is a good start. There is no treatment right now at the jail. At the BOP most programs remain on hold due to COVID or are operating in a limited capacity due to under staffing.

5. A limited order of temporary release means that upon completion of the program, absent a new Order, Travis returns to the jail. An Order setting Conditions of Release would require Travis to reside at a location approved by probation and participate in programing approved by probation, similar to the Conditions of Release set on 12/20/21. ECF # 47.

Wherefore we ask the court to enter an order authorizing Travis to attend the Northeast Addiction Treatment Center in Quincy, MA.

DATE: February 17, 2022          /s/ *David Beneman*
David Beneman
Attorney for Travis Leeman

David Beneman
Federal Defender
P.O. Box 595
Portland, Me 04112-0595
207-553-7070 ext. 101
David_Beneman@fd.org

# CERTIFICATE OF SERVICE

I, **David Beneman**, attorney for **Travis Leeman**, hereby certify that I have served, electronically, a copy of the **within "MOTION FOR RELEASE ON CONDITIONS OR LIMITED ORDER OF TEMPORARY RELEASE "** upon **Meghan Connelly**, Assistant United States Attorney, United States Attorney's Office, Portland, ME and all counsel of record via the ECF system.

                                       /s/ *David Beneman*
                                       David Beneman

DATE: February 17, 2022

CC: Travis Leeman