# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Docket No. 2:12-cr-00164-NT |
| | ) |
| TRAVIS LEEMAN, | ) |
| | ) |
| Defendant. | ) |

## ORDER OF LIMITED TEMPORARY RELEASE
## 18 U.S.C. § 3142

It is hereby ORDERED, without objection, that the Defendant be temporarily released for the limited purpose of attendance at an in-patient treatment program run by New Freedom Academy Behavioral Health in Canterbury, New Hampshire, upon the following conditions:

1. Upon confirmation by the United States Pretrial Services Office that arrangements have been made to admit the Defendant into an in-patient drug treatment program ("**Program**") at the New Freedom Academy Behavioral Health ("**NFA**") in Canterbury, New Hampshire ("**Institution**"), the United States Marshal shall release the Defendant into the custody of his father, Robert Leeman, for the specific purpose of delivering the Defendant to the Institution. Robert Leeman must without delay transport the Defendant directly to the Institution's 367 Shaker Rd., Canterbury NH, 03224 facilities for the specific limited purpose of the Defendant's Program attendance there.

2. The Defendant shall remain at the Institution continuously for the duration of the Program until discharged by the Institution staff.

3.  The Defendant shall be an active and cooperative participant in the Program and shall follow all the rules and procedures of the Institution.

4.  The Defendant shall not consume any illegal drugs or use alcohol while released.

5.  Upon his successful completion of the Program, the Defendant shall be returned by his father, Robert Leeman, to the United States Marshal in Portland, Maine where he will be recommitted, following which the Court will reopen the detention hearing and consider what, if any, conditions of further limited or general pretrial release may be appropriate in this matter. If the Defendant does not successfully complete the Program, he shall be returned forthwith to the custody of the United States Marshal and, in order to effect the same without delay, the Defendant shall be subject to arrest without more (including the issuance of a separate arrest warrant).

6.  The Defendant shall not commit any federal, state or local crime during the period of temporary release.

7.  The Defendant shall communicate with his United States Pretrial Services Officer as required.

8.  The Defendant shall execute a medical records release at the Institution to allow records and reports to be sent to his United States Pretrial Services Officer.

9.  There is attached to and incorporated in this Order by reference a notice of additional penalties. The Defendant is hereby advised that this notice sets forth

the penalties for the violation of a condition of release and the penalties for committing an offense while on temporary pretrial release as well as the penalties and other consequences should he violate a condition of his temporary pretrial release or should he intimidate a witness, juror or officer of the court or should he obstruct any criminal investigation or should he tamper with or retaliate against any witness, victim or informant.

10. Any failure of the Defendant to surrender himself in a timely fashion, or any failure to adhere to the conditions of this order, shall in addition be punishable as contempt.

The Defendant shall remain in custody pending the date of his admission into the Program as arranged by the Pretrial Services Office.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 7th day of March, 2022.

# ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.